MAURICE COLLINS,

 Plaintiff,

 v.                                              Case No. 26-cv-0593-bhl

CO ADAMS,

 Defendants.

## SCREENING ORDER

Plaintiff Maurice Collins, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Collins' motion for leave to proceed without prepaying the full filing fee, his motion to appoint counsel, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Collins has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Collins has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $25.04. Collins' motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Collins asserts that, on April 19, 2025, Defendant CO Adams sexually and physically assaulted him. Adams had allegedly come to Collins' cell to take him to the showers. After handcuffing him, he allegedly entered Collins' cell, touched his genitals, and pushed Collins facedown on his bed, at which time he sexually assaulted him. Collins asserts that, when he tried to resist, Adams pushed his face into his mattress until he could barely breathe and punched him in the head. Adams allegedly threatened Collins not to report the assault. Collins asserts that Adams violated the Eighth Amendment, when he assaulted him, and the First Amendment, when he retaliated against him.

### THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). A prison official who sexually abuses an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 376 (7th Cir. 2020) ("To say the sexual assaults [a correctional officer] committed against [the prisoners] objectively imposed serious risk to their safety would

2

be an understatement."). Collins accordingly states an Eighth Amendment claim based on allegations that Adams sexually and physically assaulted him.

He does not, however, state a retaliation claim. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Collins does not allege that engaged in protected activity or that Adams was motivated to assault him because of any protected activity.

Finally, Collins has also filed a motion to appoint counsel. The motion appears to be a repurposed motion from another case, as he references a medical care claim and the need for expert medical testimony, neither of which are relevant in this action. Collins asserts that he is receiving help from another inmate, but he does not explain what help he is receiving or why he requires help. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

The Court cannot reasonably infer that Collins has satisfied the first prong of the standard by making efforts to locate counsel without the Court's help. Under this Court's standard approach, a prisoner plaintiff is generally required to show that he contacted at least three lawyers by providing the Court with (1) the lawyers' names; (2) a description of how and when the plaintiff attempted to contact them; and (3) the lawyers' responses, if available. Collins vaguely states only that he "tried to obtain counsel on his own but never received a response." This unsupported statement is insufficient to show that he tried to locate counsel without the Court's help, so the motion fails for this reason alone.

Moreover, even if Collins had satisfied the first prong, the Court would have denied his motion because it appears that he is capable of representing himself through summary judgment. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Collins is a frequent filer, having filed six prior cases in this district. He has ably represented himself through summary judgment in those cases. Moreover, his claim, while very serious, is straightforward and will largely turn on his recollection of what happened. The Court believes based on his filings in this and other cases that he has the capacity to participate in discovery and identify disputes of material fact during summary judgment. If challenges arise that Collins does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them. He should also provide sufficient evidence that he tried to locate counsel before asking the Court to assist him.

**IT IS THEREFORE ORDERED** that Collins' motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Collins' motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Collins' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Adams.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Adams shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Collins is located.

**IT IS FURTHER ORDERED** that the agency having custody of Collins shall collect from his institution trust account the $324.96 balance of the filing fee by collecting monthly payments from Collins' prison trust account in an amount equal to 20% of the preceding month's income

4

credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Collins is transferred to another institution, the transferring institution shall forward a copy of this Order along with Collins' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Collins is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 1st day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5